Mr. Justice Hagner
concurring;
I think it is very clear that the testator, in the general words which he uses at the commencement of his will, intended his sister to have a life estate in everything, when we view that provision in the light of the other clauses of this will. One of these clauses, where he creates a residue and remainder out of which this shall be paid, is this:
“ Upon the death, of my said sister, I give, devise and bequeath all the remainder and residue of my real estate and personal property, upon the terms, conditions and restrictions, to the persons, parties and corporations following.”
Then for the first time ho names this corporation with the others. Therefore the corporations, acoording to that, are to get it after the death of the sister. He then goes on to say what shall be done with certain real estate. He directs that it shall be sold after the death of his sister, and *412 “ that to the proceeds of such sales shall be added the proceeds of all my remaining personal property and effects, after the death of my said sister, of -whatsoever kind or character.”
There he uses the same expression “property,” which, as my by brother says, shows whether we may think it was property in the general sense or not, it was designed by him to be disposed of in the way indicated.
Going on further we find that this $1,652 is to be added to something, and that the something to which it is to he added, cannot, by its very terms, come into existence until after the death of Anna Maria Buchly. Of course this addition cannot take place until after her death, and of course it cannot go until then.
Then going on further, he says:
“I deem it best to add, as my intention in all the foregoing, that no appropriation or disposition of any of my property shall be made during the lifetime of my sister, excepting only those devises and bequests to my said sister and son, as the same are herein provided, or as she alone may desire and direct.”
Then again comes the expression “she having the life estate in all,” to which my brother James referred. Then there are two or three other provisions of the same character in thecodicils, such as this :
“ Upon the determination of the life estate of my sister I give, devise and bequeath unto William Pierce Bell, William H. Goods and Joseph Iiamacher, trustess and survivors forever, for the uses and trusts specified in my will, $5,000 in trust, for the sole use and benefit of the objects of the St. John’s Mite Association of the District of Columbia.”
That is the same association to which he is now about to give an additional legacy over and above what was to arise from this Masonic Mutual Belief Association. He continued; “ The interest and income only to be used, expended and disbursed for the objects of said association as in said will is particularly set forth, and under the same restrictions and regulations as in the former bequest to said association,” etc.
*413 Here, again, was a sum of money which was to be added to this thing, and this $5,000 could not be paid over to this Mite Association until after the death of his sister.
Now when we find in the will a bequest like this which, in terms, is not to be paid over until the happening of a certain event, and then find another legacy to the same association, having the same trusts and the time fixed, about which there may be some doubt and ambiguity, we must surely apply the principle that this ambiguity must be solved in the line of the express bequests which are settled.
All of these clauses point to the same conclusion. In another portion of this will he says:
“After the expiration of the time provided in my will for the trustees named for the Buchly charity fund of Columbia Lodge of Odd Fellows to draw the revenue or income from my property situated in squares numbered 380 and 457, or before the said ten years have expired, at the end of two years after the decease of my siter, I give, devise and bequeath,” etc.
There, apparently, is another fixing of the time, the decease of the sister being a starting point of these particular ones. Then he proceeds:
“ Fifth. All the remainder and residue of my estate, real, personal and mixed, not hereinbefore disposed of, I give, devise and bequeath unto my executors hereinbefore named * * * to become part of the said bequests and subject in like manner to the same terms, conditions and restrictions as are made and annexed to the previous bequests.” Again all of them after the death of his sister.
Then, finally, under the seventh clause he says:
“As both in my will and this codicil I have disposed of my property, first, to my sister, who has been faithful and true to me and to all my interests, and next to institutions that have honored me repeatedly and to whose principles I am strongly attacked, and to worthy corporations for charity.”
There are certain expressions in the second codicil which, *414 without being particularly strong, are conducive to the same result.
We are thus confronted with a case in which everything tends to show that the testator first provides for him own blood, which a corporation, howevever meritorious, is not; and in analogy to the principle upon which we say that the heir is not to be disinherited except by express words, so we say that a will, all the expressions of which go in the direction of his own people first, should be sustained as so declaring, rather than as giving property to strangers who are created participators by his own bounty.
I concur entirely with what my brother James has said.
The decree will be reversed and the final decree dismissing the bill will be prepared by counsel.